1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 **SOUTHERN DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| 10 VALVOLINE INSTANT OIL CHANGE FRANCHISING, INC.; ASHLAND | CASE NO. 12-cv-2079-GPC-KSC |
| 11 CONSUMER MARKETS, a commercial unit of ASHLAND, INC.; ASHLAND | |
| 12 LICENSING AND INTELLECTUAL PROPERTY LLC; HENLEY | |
| 13 ENTERPRISES, INC.; HENLEY PACIFIC LLC; HENLEY PACIFIC LA LLC; and | **ORDER DENYING** |
| 14 HENLEY PACIFIC SD LLC, | **PLAINTIFFS/ COUNTERCLAIMANTS'** |
| 15 Plaintiffs, | **MOTION FOR JUDGMENT ON THE PLEADINGS** |
| 16 vs. | |
| 17 RFG OIL, INC., | [Dkt. No. 124.] |
| 18 Defendant, | |
| 19 | |
| 20 RFG OIL, INC., Counter-Claimant, | |
| 21 vs. | |
| 22 VALVOLINE INSTANT OIL CHANGE FRANCHISING, INC.; ASHLAND | |
| 23 CONSUMER MARKETS, a commercial unit of ASHLAND, INC.; ASHLAND | |
| 24 LICENSING AND INTELLECTUAL PROPERTY LLC; HENLEY | |
| 25 ENTERPRISES, INC.; HENLEY PACIFIC LLC; HENLEY PACIFIC LA LLC; and | |
| 26 HENLEY PACIFIC SD LLC, | |
| 27 Counter-Defendants. | |

28

1       Plaintiffs Valvoline Instant Oil Change Franchising, Inc. ("VIOCF"), Ashland

2   Consumer Markets, a commercial unit of Ashland, Inc. ("Ashland")[1], Ashland Licensing

3   and Intellectual Property LLC ("ALIP"), Henley Enterprises, Inc., Henley Pacific, LLC,

4   Henley Pacific LA LLC, and Henley Pacific SD LLC filed a complaint against

5   Defendant RFG Oil, Inc. ("RFG") on February 8, 2012 in the United States District

6   Court for the Eastern District of Kentucky and the case was transferred to this Court on

7   August 22, 2012 pursuant to 28 U.S.C. § 1404(a).  (Dkt. No.  42.)  On September 5,

8   2012, RFG filed a counterclaim against all Plaintiffs.  (Dkt. No. 47.)  On October 10,

9   2012, all Plaintiffs filed a first amended complaint.  (Dkt. No. 59.)  On October 11,

10  2012, the case was transferred to the undersigned judge.  (Dkt. No. 60.)  On August 5,

11  2013, the Court granted in part and denied in part Counter Defendants VIOCF, Ashland

12  and ALIP's motion to dismiss RFG's counterclaim with leave to amend.  (Dkt. No. 74.)

13  On August 26, 2013, RFG filed an amended counterclaim.  (Dkt. No. 75.)   On June 4,

14  2014, the Court denied Plaintiffs VIOCF and Ashland's motion for partial summary

15  judgment and Counter Defendants VIOCF, Ashland and ALIP's motion for summary

16  judgment on the amended counterclaim.  (Dkt. No. 96.)  A pretrial conference was held

17  on September 22, 2014 where the Court set a trial date on February 9, 2015 with

18  motions in limine to be heard on January 16, 2015.  (Dkt. No. 120.)  The pretrial order

19  was filed on September 23, 2014.  (Dkt. No. 122.)

20      On October 10, 2014, Plaintiffs VIOCF, Ashland, and ALIP ("Plaintiffs") filed

21  a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure

22  12(c) on certain counts and allegations in the first amended counterclaim.  (Dkt. No.

23  124.)  Defendant filed an opposition on October 24, 2014.  (Dkt. No. 126.)  Plaintiffs

24  filed a reply on October 29, 2014.  (Dkt. No. 127.)

25                                            **Discussion**

26      In its opposition, Defendant argues that the motion is untimely and Plaintiffs have

27  

28         [1]Ashland is otherwise known as "Valvoline" and does business as "Valvoline Instant Oil Change."

1    failed to show "good cause" to justify modification of the scheduling order.  In reply,
2    Plaintiffs argue that their motion is timely because under Rule 12(c), a motion for
3    judgment on the pleadings may be brought at any time as long as it will not delay trial.
4    Both parties apply the incorrect standard.

5        Once a scheduling order is filed, the "good cause" standard under Federal Rule
6    of Civil Procedure 16 governs any modification of the scheduling order.  Fed. R. Civ.
7    P. 16(b) (a district judge must enter a scheduling order and that the "schedule may be
8    modified only for good cause and with the judge's consent."); <u>Johnson v. Mammoth</u>
9    <u>Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).  However, after a pretrial
10   conference and a pretrial order has been filed, the court "may modify the order issued
11   after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P.
12   16(e); <u>see</u> <u>Galdamez v. Potter</u>, 415 F.3d 1015, 1020 (9th Cir. 2005) (plaintiff failed to
13   demonstrate manifest injustice by filing a motion to add a retaliation claim at trial after
14   the close of evidence where plaintiff had all the evidence well before the pretrial order
15   and the defendant would be deprived of any opportunity to present additional evidence
16   or examine witnesses on this issue); <u>see also</u> <u>Johnson</u>, 975 F.2d at 608.

17       An amendment to a pretrial order requires a showing that the amendment is
18   necessary to prevent "manifest injustice."  <u>Galdamez</u>, 415 F.3d at 1020.  The Court
19   looks at four factors "(1) the degree of prejudice or surprise to the defendants if the
20   order is modified; (2) the ability of the defendants to cure the prejudice; (3) any impact
21   of modification on the orderly and efficient conduct of the trial; and (4) any willfulness
22   or bad faith by the party seeking modification." <u>Id.</u>  The district court has discretion in
23   making this determination.  <u>Id.</u>

24       Rules 16 requires that the scheduling order must "limit the time to join other
25   parties, amend the pleadings, complete discovery and file motions." Fed. R. Civ. P.
26
27
28

1   16(b)(3)(A).  In this case, the case management order[2] states that all "other pretrial

2   motions . . . must be filed on or before March 31, 2014."  (Dkt. No. 73.)  This

3   constitutes a deadline to file motions by a party, which includes dispositive motions

4   such as a motion for judgment on the pleadings.  (Dkt. No. 73.)  Plaintiffs creatively

5   argue that the "all other pretrial motions" deadline does not really apply to "all" motions

6   because motions in limine are to be filed in January 2014.[3]  The Court rejects their

7   argument.

8        In this case, a pretrial conference was held on September 19, 2014 and a pretrial

9   order was filed on September 23, 2014.  (Dkt. Nos. 120, 122.)  Trial is scheduled on

10  February 9, 2015 with motions in limine to be heard on January 16, 2015.  (Dkt. No.

11  121.)  The motion for judgment on the pleading was filed on October 10, 2014.  (Dkt.

12  No. 124.)  Therefore, since the pretrial conference has passed and pretrial order filed,

13  the "manifest injustice" standard applies as to whether the Court should modify the

14  pretrial order and allow the late filing of Plaintiffs' motion for judgment on the

15  pleadings.  See Galdamez, 415 F.3d at 1020.

16       The instant motion comes late in the case after conclusion of discovery, after

17  rulings on dispositive motions, and after a pretrial conference where a trial date has been

18  scheduled and a pretrial order filed.  Plaintiffs provide no reasons why the pretrial order

19  should be amended to prevent "manifest injustice."  In fact, Plaintiffs minimize the

20  requirements under the Federal Rules of Civil Procedure and as analyzed by the Ninth

21  Circuit.  In their reply, Plaintiffs write, "Plaintiff's motion complies with Rule 12, is a

22  productive means of streamlining this case before trial, does not run afoul of the explicit

23  terms of any Scheduling Order, and imposes no prejudice on any party.  If there were

24

25       ───────────────

26       [2]The Magistrate Judge issued new dates, pursuant to the parties' joint motion, entitled "Order Granting Joint Motion to Continue Fact Discovery Completion Date."

27  (Dkt. No. 73.)  The original pretrial motions deadline was January 20, 2014.  (Dkt. No. 71.)

28       [3]The Court sets the schedule for filing motions in limine at the pretrial conference.  (Dkt. Nos. 120, 121.)

1  any argument that a prior Scheduling Order required the earlier filing of this motion, the

2  court has the authority to amend that requirement now, and should exercise its discretion

3  to do so." (Dkt. No. 127 at 3.)  Plaintiffs provide no explanation why the court should

4  amend the pretrial order to allow their late filing in order to prevent manifest injustice.

5  Contrary to Plaintiffs' argument, the filing of Plaintiffs' motion at this late stage is in

6  direct contravention of the requirements under the Federal Rules of Civil Procedure,

7  Ninth Circuit law and even the Pretrial Order where it states that, "[t]he foregoing

8  admissions having been made by the parties, and the parties having specified the

9  foregoing issues of fact and law remaining to be litigated, this order must supplement

10 the pleadings and govern the course of the trial of this cause, unless modified to prevent

11 *manifest injustice.*" (Dkt. No. 122 at 25) (emphasis added).  Thus, the Court concludes

12 that Plaintiffs has not demonstrated that an amendment to the pretrial order to allow the

13 late filing of a dispositive motion is necessary to prevent "manifest injustice."  See

14 Galdamez, 415 F.3d at 1020.   Accordingly, the Court DENIES Plaintiffs/

15 Counterdefendants' motion for judgment on the pleadings.

### Conclusion

16

17      Based on the above, the Court DENIES Plaintiffs/Counterdefendants' motion for

18 judgment on the pleadings.  To the extent Defendant does not challenge or oppose

19 dismissal as to certain issues, parties, or causes of actions in Plaintiffs' motion, the

20 Court directs the parties to file a joint motion to dismiss these allegations, party and/or

21 causes of action.  The hearing set for November 21, 2014 shall be **vacated**.

22      IT IS SO ORDERED.

23

24 DATED:  November 7, 2014

25

26 HON. GONZALO P. CURIEL
   United States District Judge

27

28