FILED

14 DEC -9 PM 3:14

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALVOLINE INSTANT OIL CHANGE FRANCHISING, et al., <br><br>Plaintiffs,<br><br>vs.<br><br>RFG OIL, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM. | CASE NO. 12cv2079-GPC(KSC)<br><br>ORDER RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE<br><br>[Doc. No. 123.] |

On September 29, 2014, the parties filed a Joint Motion for Determination of Discovery Dispute. [Doc. No. 123.] In the Joint Motion, defendant RFG seeks an order:

(1) Reopening discovery, which, after several extensions of time, was scheduled to be completed on August 15, 2014. [Doc. Nos. 73, 81, 86, 99.];

(2) Allowing another round of unspecified written discovery requests to be served on plaintiff Henley Enterprises, Inc. ("Henley") for reasons that are unclear in the parties' Joint Motion;

(3) Permitting depositions of at least two unspecified, additional witnesses for reasons that are unclear in the parties' Joint Motion; and

(4) Requiring plaintiff Henley to remove the "confidential – attorney's eyes only" designation from some vague assortment of documents produced by Henley pursuant to the parties' Stipulated Protective Order and the Court's Order of June 27, 2014. [Doc. No. 123, at pp. 4-5; Doc. No. 110; Doc. No. 98.]

The Court has considered the papers submitted by the parties and finds that defendant RFG has failed to establish good cause for re-opening discovery.[1] The Court also finds that defendant RFG's reasons for seeking additional discovery from Henley at this late stage of the proceeding are too vague and ambiguous to satisfy the relevance standard of Federal Rule 26(b). In addition, the Court finds that plaintiff Henley has presented other convincing reasons why the Court should deny defendant RFG's request for an order allowing additional written discovery requests and depositions. [Doc. No. 123, at pp. 7-9.]

With respect to defendant RFG's request for an order requiring plaintiff Henley to remove "confidential–attorney's eyes only" designations from a large number of unspecified documents, the Court notes that the Stipulated Protective Order provides in part as follows:

> 2. By designating a document, thing, material, testimony or other information derived therefrom as "Confidential," under the terms of this Order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g). . . .

\* \* \* \*

/ / /

/ / /

/ / /

---

[1] Federal Rule of Civil Procedure 16(b)(4) expressly states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The "good cause" standard in Rule 16(b)(4) "primarily considers the diligence of the party" seeking to amend a scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.' Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)." *Id.* "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.*

11. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any *particular* document or information is confidential or whether its use should be restricted. . . ."

[Doc. No. 110, at p. 2, 4 (emphasis added).]

Defendant RFG has not shown that plaintiff Henley's designation of any "particular" document as "confidential – attorney's eyes only" was made in "bad faith." [Doc. No. 110, at pp. 2, 4.] Under these circumstances, it would not be appropriate for the Court to issue an order requiring plaintiff Henley to change any of its designations.

Based on the foregoing, defendant RFG's request an order: (1) reopening discovery; (2) allowing defendant RFG to serve plaintiff Henley with more written discovery requests; (3) permitting defendant RFG to take at least two more unspecified depositions; and (4) requiring plaintiff Henley to remove the "confidential – attorney's eyes only" designation from a large number of documents is DENIED WITH PREJUDICE.

IT IS SO ORDERED.

Date: **Dec. 9**, 2014

KAREN S. CRAWFORD
United States Magistrate Judge